**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT E. MORRIS,** | ) | |
| **# R-71372,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17-cv-1167-NJR** |
| | ) | |
| **R. ENGELAGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

In *Morris v. Lee*, Case No. 17-cv-857-NJR (S.D. Ill. Aug. 14, 2017), Plaintiff Robert Morris, an inmate in Menard Correctional Center, brought suit for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), two claims against Defendant Engelage were severed from that initial action to form the basis for this action, Case No. 17-cv-1167-NJR.

This case is now before the Court for a preliminary review of those claims pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the relevant allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal.

### The Complaint

The allegations in Plaintiff's Complaint (Doc. 2) relevant to this severed action are as follows: on December 31, 2016, Plaintiff was seen by Engelage, an EMT.[1] Engelage attempted to complete a tuberculosis test. *Id.* Plaintiff refused to comply because Engelage wanted to perform the test using the "chuckhole" in Plaintiff's cell. *Id.* Plaintiff contends that conducting a tuberculosis test in this manner (1) is unsanitary – because both Plaintiff and his cellmate receive their food through the chuckhole and thus the chuckhole could contain "micro-miniature blood splatter" and (2) violates prison procedures for medical/forensic examinations. *Id.*

When Plaintiff refused, Engelage issued a disciplinary ticket for failure to submit to medical/forensic testing. (Doc. 2, pp. 10, 23-25). In connection with this disciplinary ticket,

---

[1] In the caption of the Complaint and list of defendants, Plaintiff identifies R. Engelage as a defendant. (Doc. 2, pp. 1-2). R. Engelage is described as an emergency medical technician (EMT). *Id.* More specifically, Plaintiff indicates that R. Engelage "does issues like hypodermic needle testings thr[ough] the inmates['] chuckhole where they eat at. Instead of taking them to sanitary environments. Stating: 'It's easier for me to do it this way – I don't care about what's sanitary for you, it's sanitary for me and faster.'" (Doc. 2, p. 2). In his statement of claim, Plaintiff directs claims against "Ms. Reva Engelage…EMT" and "Reva." (Doc. 2, p. 10). Reading the Complaint in its entirety, it is evident that allegations pertaining to "Ms. Reva Engelege" and "Reva" are directed at the EMT Defendant identified as R. Engelage.

Plaintiff spent between four and six days in segregation. (Doc. 2, p. 10 (alleging four days in segregation) and Doc. 2, p. 24 (alleging six days in segregation)). Eventually, Plaintiff was seen by Brookman, the adjustment committee/hearing board chairman. (Doc. 2, p. 10). Thereafter, Plaintiff was released from segregation. *Id.* The disciplinary ticket was subsequently expunged. (Doc. 2, pp. 23-25). The Complaint suggests that Plaintiff is alleging issuance of the disciplinary ticket was unjustified. (Doc. 2, p. 10). The Complaint does not address what, if any, procedural protections Plaintiff was afforded in connection with the disciplinary ticket and his time in segregation.

## Discussion

In its Severance Order (Doc. 1), the Court designated the following counts to be severed into this *pro se* action. The parties and the Court will continue to use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 2 –** Eighth Amendment deliberate indifference claim against Engelage for attempting to perform a tuberculosis test through the "chuckhole" in Plaintiff's cell.

**Count 3 –** Procedural and/or substantive due process claim against Engelage for issuing an unjustified disciplinary ticket, resulting in Plaintiff spending between four and six days in segregation

As discussed in more detail below, Counts 2 and 3 will be dismissed for failure to state a claim upon which relief may be granted.

## Count 2 – Deliberate Indifference

A prison official's deliberate indifference to an inmate's health or safety may violate the Eighth Amendment's ban on cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The inmate must allege both an objective and a subjective component of the claim. To satisfy the objective component, the alleged deprivation must be "sufficiently serious";

that is, it must expose the inmate to a "substantial risk of serious harm." *Id.* (internal quotation marks omitted). To satisfy the subjective element, the prison official must have acted with deliberate indifference to the inmate's health or safety; the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

It is unclear from the allegations whether Plaintiff seeks to hold Engelage liable under the Eighth Amendment for being deliberately indifferent to a serious medical need of his, for subjecting Plaintiff to unconstitutional conditions of confinement based on the state of his chuckhole, or for not following prison procedures for administering medical tests. Regardless, Plaintiff's allegations regarding the attempted but refused tuberculosis test do not, as pled, give rise to a constitutional claim. Plaintiff does not claim he suffers from a serious medical condition, to the extent he seeks to bring a deliberate indifference to medical needs claim.

Plaintiff also does not state sufficient facts to render the idea that Engelage exposed him to a substantial risk of serious harm plausible. Plaintiff claims that Engelage conducts tests such as the test at issue through inmates' chuckholes, presumably regularly. He does not claim that inmates have fallen ill as a result. He also refused the test, so he was able to avoid any harm he may think could have resulted. Further, Plaintiff does not allege what harm he believes he faced from Engelage's actions and instead relies on vague statements that the practice was unsafe and unsanitary. Finally, he fails to provide any facts to show that Engelage was aware that a substantial risk of serious harm existed. Without more information, this Court will not infer Engelage was deliberately indifferent toward Plaintiff. Notably, the failure to follow prison procedures also does not independently give rise to a constitutional claim.

For these reasons, Count 2 will be dismissed without prejudice.

## Count 3 – Due Process

Plaintiff takes issue with a disciplinary ticket Engelage issued him after he refused to submit to a tuberculosis test. Plaintiff also takes issue with the fact that he was in segregation for four to six days as a result. In *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984), the Seventh Circuit held that the filing of false disciplinary charges by a correctional officer does not state a Fourteenth Amendment claim when the accused inmate is given a subsequent hearing on those charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *Hanrahan*, 747 F.2d at 1140, but determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation.

Plaintiff does not claim he was deprived of the procedural protections outlined in *Wolff*. Instead, the Complaint suggests he was granted a hearing, and his exhibits show that his ticket was ultimately expunged. The Court will not infer that Plaintiff was deprived of due process when the few allegations on the issue tend to show that he received it. Further, Plaintiff's brief stint in segregation before this was resolved also fails to support a constitutional claim absent allegations showing that the conditions Plaintiff faced while in segregation were independently unconstitutional. For these reasons, Count 3 will be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNTS 2** and **3**, and Defendant **ENGELAGE**, are

**DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support a cognizable § 1983 claim, within 28 days of the entry of this order (on or before **December 27, 2017**). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because the dismissal herein is for failure to state a claim upon which relief may be granted.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 17-cv-1167-NJR). The pleading shall present each claim in a separate count, and each count shall specify, *by name,* the defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1

(7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:  November 28, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**