# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT E. MORRIS, # R-71372,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-1167-NJR |
| | ) |
| **REVA ENGELAGE,** | ) |
| **WARDEN LASHBROOK,** | ) |
| **MS. WOOD, and** | ) |
| **JOHN/JANE DOES,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Robert E. Morris, an Illinois Department of Corrections inmate currently incarcerated in Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Second Amended Complaint (Doc. 14), Plaintiff claims the defendants subjected him to unconstitutional conditions of confinement and retaliation in violation of the Eighth and First Amendments.

This case is now before the Court for a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim

1

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Second Amended Complaint and any supporting exhibits, the Court finds this case shall proceed.

## The Second Amended Complaint

In his Second Amended Complaint (Doc. 14), Plaintiff makes the following allegations: on December 31, 2016, Defendant Engelage and John Doe 1 attempted to complete a tuberculosis test on Plaintiff. (Doc. 14, p. 7). Plaintiff told them that the procedure was illegal and unsanitary, citing to one of Menard's handbooks. *Id.* Engelage and John Doe 1 began to threaten Plaintiff for not allowing the testing. *Id.* Plaintiff told them he would do the test if it was performed under the conditions within the rule book. *Id.* Defendants refused. *Id.* Plaintiff was then denied the medical procedure, and he told Engelage and John Doe 1 that he intended to file a grievance against them. *Id.* Because of Plaintiff's complaints and his filing of a grievance, "defendant(s) then threatened him with punitive segregation." *Id.* Engelage and John Doe 1 "then maliciously . . . wrote a falsified rule violation" in retaliation." *Id.*

Plaintiff was placed in segregation and "subjected to the harsh conditions of fecal material and urination, denial of hygiene condiments necessary to take proper showers, brush [his] teeth" and other things. (Doc. 14, p. 7). On December 31, 2016, Plaintiff submitted a grievance to Defendants Woods and Lashbrook. *Id.* Plaintiff never received a response to the grievance. *Id.* "On May 9, 2017, Plaintiff submitted a request for the I.D.R." and a copy of his grievance. *Id.* Plaintiff received a reply that his grievance was not submitted on time, though he believes it was. *Id.* Plaintiff told John Doe 2 and John Doe 3 that he was to be released from

2

segregation, that he had not been provided necessary hygiene items, recreation, and showers, and that "the inordinate lock time was affecting him psychologically." *Id.* These defendants never addressed Plaintiff's concerns, affecting him greatly. *Id.*

Plaintiff requests a declaratory judgment and monetary damages. (Doc. 9, pp. 10-11).

## Discussion

Based on the allegations of the Second Amended Complaint (Doc. 14) and the claims enumerated by Plaintiff, the Court finds it convenient to designate new counts in this *pro se* action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** First Amendment retaliation claim against John Doe 1 and Engelage for writing a disciplinary ticket against Plaintiff and placing him in segregation after Plaintiff wrote a grievance against them.
>
> **Count 2 –** Eighth Amendment conditions of confinement claim against John Doe 1, Engelage, John Doe 2, and John Doe 3 for subjecting Plaintiff to harsh conditions in segregation and/or failing to intervene to remove him from those conditions.
>
> **Count 3 –** First and Eighth Amendment claim against Woods and Lashbrook for failing to intervene to stop the constitutional violations against Plaintiff.
>
> **Count 4 –** Illinois negligence claim against Engelage for attempting to perform an unsanitary tuberculosis test on Plaintiff.

As discussed in more detail below, Count 1 will proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1 – Retaliation

To prevail on a Section 1983 claim of First Amendment retaliation, Plaintiff must show

that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future"; and (3) a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citation omitted)). Plaintiff's claim that Engelage and John Doe 1 wrote a disciplinary ticket against him and sent him to segregation in response to Plaintiff's complaints and grievance states a retaliation claim upon which relief may be granted against them. Count 1 will therefore proceed past threshold.

## Count 2 – Conditions of Confinement

To prevail on an Eighth Amendment claim based on inadequate prison conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotations omitted).

Plaintiff's allegations regarding the conditions he was subjected to in segregation are incredibly vague. He does not indicate how long he was subjected to these alleged conditions, and though he claims that he was deprived of "hygiene condiments" and subjected to "fecal material" and "urination," it is unclear what he means by this. Given the vagueness of these allegations, the Court finds that Plaintiff has failed to satisfy the *Twombly* pleading standard with respect to this Count 2. Count 2 will therefore be dismissed without prejudice.

## Count 3 – Failure to Intervene

Plaintiff seeks to hold Woods and Lashbrook liable for failing to intervene to stop the allegedly unconstitutional actions against him. Plaintiff's only allegation regarding Woods and Lashbrook is that he sent them a grievance to which he did not receive a response. "Prison

4

officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) (citing *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)). Because there are no allegations suggesting personal involvement in the alleged constitutional deprivations on the part of Woods and Lashbrook, Plaintiff has failed to state a claim against them. Count 3 will therefore be dismissed without prejudice.

### Count 4 – Illinois Negligence

A defendant can never be held liable under Section 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Even if the Court exercises supplemental jurisdiction over Plaintiff's state law negligence claim,[1] the Second Amended Complaint supports no claim. *See* 28 U.S.C. § 1367(a). In Illinois, in order to state a claim for negligence, a complaint must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)). Plaintiff has not clearly alleged any injury. He has therefore failed to state a negligence claim against Engelage, and Count 4 will be dismissed without prejudice.

### Identification of Unknown Defendants

Plaintiff shall be allowed to proceed with Count 1 against John Doe 1. This defendant must be identified with particularity, however, before service of the Second Amended Complaint can be made on him. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of

---

[1] Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1299 (7th Cir. 1995)).

those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain their identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In this case, Warden Lashbrook is already named and shall be responsible for responding to discovery (formal or otherwise) aimed at identifying John Doe 1. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of John Doe 1 is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Second Amended Complaint.

## Pending Motions

Plaintiff has filed a Motion Regarding Phone Call Requests (Doc. 15) and a Letter (Doc. 16) requesting that his legal phone calls adhere to a certain schedule. Neither of these documents were signed, however, and Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." For this reason, Plaintiff's Motion (Doc. 15) and the request in his Letter (Doc. 16) are **DENIED** without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **JOHN DOE 1** and **ENGELAGE**.

**IT IS FURTHER ORDERED** that **COUNTS 2**, **3**, and **4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **WOOD**, **JOHN DOE 2**, **JOHN DOE 3**, and **LASHBROOK** (individual capacity only) are **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted. Lashbrook will remain in this action, in her official capacity only, for the purpose of responding to discovery (formal or

otherwise) aimed at identifying John Doe 1.

For the sake of clarity, the Clerk of Court is **DIRECTED** to terminate **JOHN DOE** and **JOHN/JANE DOE** from this action, and add **JOHN DOE 1** as a defendant in the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **ENGELAGE**, **JOHN DOE 1** (once identified), and **LASHBROOK** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on him or her, and the Court will require him or her to pay the full costs of formal service, to the extent authorized by the Federal Rules.

With respect to a defendant who cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be kept only by the Clerk and shall not be maintained in the court file or disclosed.

Service shall not be made on **JOHN DOE 1** until Plaintiff has identified him by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including developing a plan for discovery aimed at identifying the unknown defendants with particularity. Further, this entire matter shall be **REFERRED** to Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 6, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**